985 F.2d 553
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles S. STAMPER, Petitioner-Appellant,
v.
Ellis B. WRIGHT, Jr., Warden, Greensville Correctional
Center, Respondent-Appellee.
 No. 93-4000.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 19, 1993
Decided: January 19, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-93-32-R)
 Donald Robert Lee, Barry A. Weinstein, Virginia Postconviction Assistance Project, Richmond, Virginia, for Appellant.
 Thomas Drummond Bagwell, Assistant Attorney General, Office of the Attorney General of Virginia, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, HAMILTON, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Charles Stamper, a Virginia prisoner sentenced to be executed at 11:00 p.m., January 19, 1993, appeals the district court's dismissal of his petition for a writ of habeas corpus. His crimes are fully described in the opinion affirming his conviction of three capital murders committed in the course of a robbery. See Stamper v. Commonwealth, 220 Va. 260, 257 S.E.2d 808 (1979), cert. denied, 445 U.S. 972 (1980). Stamper unsuccessfully applied for writs of habeas corpus in both state and federal courts. Among the issues he litigated were the sufficiency of the evidence and competency of his trial attorneys, who elected to rely on his defense of alibi rather than inform the jury that he had an accomplice.
 
 
 2
 Stamper's current litigation commenced on January 15, 1993, when he filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. That Court dismissed the petition on January 18, 1993. Late the same day Stamper filed a petition in the district court. The warden moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b) and 56 and rule 4 of the Rules Governing Section 2254 cases. The district court permitted him to proceed in forma pauperis, dismissed the petition, and granted a certificate of probable cause. We summarily affirm.
 
 
 3
 Stamper asserts that the Virginia Supreme Court violated the Eighth and Fourteenth Amendments when it affirmed his death sentences despite evidence presented on direct appeal that he is "innocent of the death penalty."
 
 
 4
 Stamper's claim fails on both procedural and substantive grounds. The Virginia Supreme Court found that his claim is barred by procedural default under Virginia Code § 8.01-654(B)(2) which provides: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."
 
 
 5
 Stamper's claim is based on the opinion which the Supreme Court of Virginia rendered in 1979. Nevertheless, Stamper has shown neither cause nor prejudice for his failure to assert this claim. See Gomez v. United States District Court, 112 S. Ct. 1652 (1992); McCleskey v. Zant, 111 S. Ct. 1454 (1991); Murray v. Carrier, 477 U.S. 478 (1986). His present petition is abuse of the writ. See rule 9(b) of the Rules Governing Section 2254 Cases.
 
 
 6
 Stamper's present claim is essentially a recasting of the contention, which was previously made and rejected, that the evidence is insufficient to sustain the verdict. The facts found by the Virginia Supreme Court are amply supported by the record and binding upon us. See Stamper v. Muncie, 944 F.2d 170, 174-76 (4th Cir. 1991) (affirming the dismissal of Stamper's previous petition). As the district court explained, Stamper has shown no constitutional error. He has failed to prove that he is ineligible for the death penalty. See Sawyer v. Whitley, 112 S. Ct. 2514, 2523 (1992); McCleskey, 111 S. Ct. at 1475.
 
 
 7
 The judgment of the district court is affirmed. The motion for a stay of execution is denied. The clerk is directed to issue the mandate forthwith.
 
 AFFIRMED